basis for appraisement of the instant merchandise, and that such statutory values for the articles in question are the appraised values, less additions made by the importers on entry because of advances in similar cases.

AUGUST F. STAUFF & Co., INC. *v.* UNITED STATES

**No. 6827.**—Invoices dated London, England, May 31, 1946, etc.
   Certified June 3, 1946, etc.
   Entered at New York, N. Y., July 2, 1946, etc.
   Entry No. 700823, etc.

(Decided January 31, 1947)

*Daniel P. McDonald* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

COLE, Judge (Abstract): These appeals for reappraisement of various items of merchandise concern the so-called British purchase tax, described in the law of the United Kingdom entitled, "Finance (No. 2) Act 1940 3 & 4 Geo. 6 Ch. 48." The said tax was held not to be an item to be included in foreign value as defined in section 402 (c) of the Tariff Act of 1930 as amended by the Customs Administrative Act of 1938 (19 U. S. C. § 1402 (c)). *United States* v. *Wm. S. Pitcairn Corp.,* 33 C. C. P. A. 183, C. A. D. 334.

The agreed set of facts, embodied in the stipulation of submission, establishes that export value, section 402 (d) of the Tariff Act of 1930 (19 U. C. S. § 1402 (d)) is the proper basis for appraisement of the instant merchandise, and that such statutory values of the articles in question are the appraised values, less additions made by the importer on entry because of advances in similar cases.

FONTANA HOLLYWOOD Co. of N. Y., INC., ET AL. *v.* UNITED STATES

**No. 6828.**—Invoices dated Leghorn, Italy, July 15, 1939, etc.
   Certified July 17, 1939, etc.
   Entered at New York, N. Y., August 5, 1939, etc.
   Entry No. 713990, etc.

(Decided January 31, 1947)

*Strauss & Hedges* for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

LAWRENCE, Judge: These appeals for reappraisement involve the question of the value of certain drums filled with olive oil or other commodities imported from various countries.

From the uncontradicted evidence it appears that the issue herein is the same in all material respects as that involved in *C. H. Powell Co., Inc. (Douredoure Bros.)* v. *United States,* 28 C. C. P. A. (Customs)

310, C. A. D. 160, and the record in that case has been incorporated herein. The court there held that—

> * * * the presumed correctness of the value—300 Drachmas each—found by the appraiser to be the foreign and dutiable value of the involved drums has not been overcome by the evidence of record.

That observation is equally applicable to the drums involved in these appeals.

Inasmuch as there is no export value higher than the above-mentioned foreign value, I follow the cited authority and find that "the foreign and dutiable value of the involved drums" in each of these appeals is the value found by the appraiser.

Judgment will be entered accordingly.

La Manna, Azema & Farnan, Inc., et al. *v.* United States

**No. 6829.**—Invoices dated Piraeus, Greece, April 23, 1940, etc.
Certified May 3, 1940, etc.
Entered at New York, N. Y., June 4, 1940, etc.
Entry No. 820294, etc.

(Decided January 31, 1947)

*Barnes, Richardson & Colburn* for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

Lawrence, Judge: These appeals for reappraisement involve the question of the value of certain drums filled with olive oil or other commodities imported from various countries.

From the uncontradicted evidence it appears that the issue herein is the same in all material respects as that involved in *C. H. Powell Co., Inc. (Douredoure Bros.)* v. *United States*, 28 C. C. P. A. (Customs) 310, C. A. D. 160, and the record in that case has been incorporated herein. The court there held that—

> * * * the presumed correctness of the value—300 Drachmas each—found by the appraiser to be the foreign and dutiable value of the involved drums has not been overcome by the evidence of record.

That observation is equally applicable to the drums involved in these appeals.

Inasmuch as there is no export value higher than the above-mentioned foreign value, I follow the cited authority and find that "the foreign and dutiable value of the involved drums" in each of these appeals is the value found by the appraiser.

Judgment will be entered accordingly.